**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BRANDI EDWARDS and** | § | |
| **SASCHA OLEMAN,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 4:18-cv-00253** |
| | § | |
| **v.** | § | |
| | § | |
| **PMS PROPERTY, LLC and** | § | **JURY DEMANDED** |
| **ROBERT MICHAEL PARKER,** | § | |
| | § | |
| **Defendants.** | | |

---

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

---

## I. INTRODUCTION

1.      Plaintiffs Brandi Edwards and Sascha Oleman, current or former employees of Defendant PMS Property, LLC, and Defendant Robert Michael Parker, bring this action for overtime compensation and other relief under the Fair Labor Standards Act ("the Act"), as amended, through 29 U.S.C. §2l6(b), as well as unpaid regular wages, and other relief under Texas law.

## II. PARTIES

2.      Plaintiff Brandi Edwards ("Edwards") is an individual Texas resident who resides in Parker County.

3.      Plaintiff Sascha Oleman ("Oleman") is an individual Texas resident who resides in Tarrant County.

4.      Defendant PMS Property, LLC ("PMS Property") is a domestic limited liability company, headquartered in Hurst, Texas, which can be served with citation by serving its registered agent, Ledford E. White at 6410 Southwest Blvd., Suite 129, Benbrook, Texas 76109.

5.      Defendant Robert Michael Parker ("Parker") is an individual resident of Denton County, Texas. He can be served at his residence at 7230 Shady Grove, Keller, Texas 76248.

### III. JURISDICTION AND VENUE

6.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).

7.      At all times pertinent to this Complaint, Defendant PMS Property was a covered entity under the FLSA and Defendant PMS Property was an "employer" to Plaintiffs Brandi Edwards and Sascha Oleman, as defined by the FLSA.

8.      At all times pertinent to this Complaint, Plaintiffs were covered under the FLSA through the enterprise coverage provision of the FLSA.

9.      At all times pertinent to this Complaint, Plaintiffs were engaged in interstate commerce with respect to the business affairs of Defendants.

10.      Venue is proper in this district under 28 U.S.C. § 1391, as all or a substantial portion of events giving rise to the claim occurred within the federal Northern District of Texas.

11.      At all times relevant to this complaint, Parker was an "employer" as to Plaintiffs, as defined by the FLSA.

12.      In 2015, PMS Property had an annual dollar volume of sales or business done of at least $500,000.

13.      In 2016, PMS Property had an annual dollar volume of sales or business done of at least $500,000.

14.      In 2017, PMS Property had an annual dollar volume of sales or business done of at least $500,000.

## IV. STATEMENT OF FACTS

15.     Plaintiff Edwards worked for Defendants from July 2010 through on or about January 31, 2018.

16.     Plaintiff Oleman has worked for Defendants since on or around August 24, 2015.

17.     For the time period relevant to Plaintiffs' claims, both Plaintiffs were paid on an hourly basis. Neither Plaintiff was exempt from the overtime provisions of the Fair Labor Standards Act.

18.     During the 3 years prior to the date of filing of this suit, Plaintiffs worked in excess of 40 hours for one or more of their workweeks for Defendants.

19.     Defendants did not pay Plaintiffs a time-and-one-half overtime premium for all hours worked over 40 for each such workweek.

20.     Defendant Parker owns and operates Defendant PMS Property, has supervised the work of Plaintiffs, and has had the authority to set payroll and benefits policies and engage in the hiring or firing of Plaintiffs and other employees of PMS properties.

21.     Defendants furthermore failed to pay Plaintiffs for all regular hours worked, including but not limited to deducting time for lunch periods during which Plaintiffs actually performed work and that were therefore compensable.

## V. COUNT ONE - VIOLATION OF FAIR LABOR STANDARDS ACT

22.     The acts of Defendants described in the preceding paragraphs violate Plaintiffs' rights under the Fair Labor Standards Act of 1938, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

23.     Plaintiffs claim their lost overtime wages, as well as liquidated damages equal to the amount of unpaid overtime wages, attorney fees, pre- and post-judgment interest, and costs.

24.     The violations committed by Defendants were committed willfully within the meaning of the Fair Labor Standards Act.

## VI. COUNT TWO – BREACH OF CONTRACT / QUANTUM MERUIT

25.     To the extent that Plaintiffs were not paid all regular wages for weeks in which they did not exceed 40 hours, Defendants owe Plaintiffs regular wages. Plaintiffs therefore claim breach of contract for their regular wages that Defendants failed to pay that constitute unpaid work up to 40 hours. In the event that the Court deems that such unpaid wages are not subject to contractual obligations, such plaintiffs plead their unpaid regular wage claims in *quantum meruit*. Such plaintiffs seek these unpaid regular wages, as well as pre- and post-judgment interest at the highest rates by law, as well as attorney fees and costs.

## VII. DAMAGES

26.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

27.     Section 216(b) of the Fair Labor Standards Act provides that any employer who violates the FLSA shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiffs also seek an award of liquidated damages in an amount equal to the amount of unpaid overtime pay. Plaintiffs also seek unpaid regular wages.

28.     Plaintiffs also seek compensation of the out-of-pocket expenses and costs of court they have incurred and will incur in this action. Plaintiffs are also entitled to attorney's fees under 29 U.S.C. § 216(b) and Texas Civil Practices & Remedies Code Chapter 38.

## VIII.  JURY DEMANDED

29.     Plaintiffs make demand for a jury for all issues triable to jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Edwards and Oleman request that this Court enter an order:

1.      Declaring that Defendants violated the Fair Labor Standards Act;

2.      Declaring that Defendants' violations of the FLSA were willful;

3.      Granting judgment to Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act, as well as liquidated damages, and unpaid regular wages;

4.      Awarding Plaintiffs their costs, including expert witness fees, and reasonable attorney's fees;

5.      Awarding Plaintiffs pre- and post-judgment interest at the highest rates allowed; and

6.      Granting such further relief as the Court finds just.

Respectfully submitted,

*Kerry O'Brien*

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS

O* O'BRIEN LAW FIRM
TEXASEMPLOYEES.COM

1011 Westlake Drive
Austin, Texas 78746
email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFFS**
**BRANDI EDWARDS AND SASCHA OLEMAN**